IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES MCKENZIE, JR, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-24-0025 |
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Charles McKenzie, Jr. filed a Complaint against the Steamship Trade Association of Baltimore, Inc. ("STA"). (ECF No. 1.) STA filed a Motion to Dismiss. (ECF No. 10.) The Motion is fully briefed and no hearing is required. The Motion will be denied.

### I. Background[1]

Plaintiff brings an Americans with Disabilities Act ("ADA") employment discrimination claim against STA. (*See generally* ECF Nos. 1, 4.) Plaintiff has been employed at STA since 2004, and is currently employed as a longshoreman. (ECF No. 1 at 6.) He explains that he "lost the chance to move up to a better position due to [his] seniority being moved back almost 400 people while out of work due to [his] disability." (*Id.* at 5.) Plaintiff explains that he took time off work due to psychiatric disabilities. (ECF No. 4-1.)

Plaintiff alleges that around January 8, 2019, he "submitted a request for seniority restoration" and that this request was denied around March 22, 2019. (ECF No. 1 at 6; ECF No. 4-4.) He thereafter submitted a second request on November 1, 2019 "and provided additional

---

[1] Plaintiff has filed a Complaint (ECF No. 1) as well as a Supplement (ECF No. 4). Given his *pro se* status, the Court will consider ECF Nos. 1 and 4 as together constituting his Complaint.

medical information" but STA denied the request. (ECF No. 1 at 6.) This second denial occurred on June 17, 2020. (ECF No. 10-2 at 2.)[2]

On August 13, 2020, Plaintiff filed a Charge of Discrimination with the EEOC. (*Id.*) Plaintiff thereafter filed the instant case. STA filed a Motion to Dismiss (ECF No. 10), arguing that Plaintiff's Charge of Discrimination was untimely and that his case must be dismissed.

## II.  Legal Standard

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 446 U.S. at 662. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

## III.  Analysis

"Modeled after Title VII of the Civil Rights Act of 1964 . . . the ADA incorporates that statute's enforcement procedures . . . including the requirement that a plaintiff must exhaust his

---

[2] The Court will consider the Charge of Discrimination in ruling on STA's Motion to Dismiss, because it is integral to the Complaint and its authenticity is not disputed. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

2

administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court[.]" *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). Such charge "must be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred, or within 300 days if the claimant has instituted proceedings with a state or local agency." *Mezu v. Morgan State Univ.*, 367 F. App'x 385, 388 (4th Cir. 2010). "[T]he time for filing a charge of employment discrimination with the EEOC . . . begins when the discriminatory act occurs." *Id.* (quoting *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 621 (2007)).

STA argues that Plaintiff "was required to file a charge of discrimination with the EEOC or the comparable fair employment practices agency in Maryland . . . within 300 days of the alleged unlawful employment practice" and that Plaintiff did not do so. (ECF No. 10-1 at 4–5.) STA explains that Plaintiff learned of the denial of his seniority reinstatement request on March 22, 2019 at the latest, as this was the date that he received the first denial, and that he filed his Charge of Discrimination over 500 days later, on August 13, 2020. (*Id.* at 5.)

At this stage of the litigation and without more information regarding the circumstances of the first and second denials, and STA's process for making seniority decisions, the Court cannot conclude that Plaintiff's case should be dismissed on failure to exhaust grounds. While it is true that Plaintiff learned of the first denial on March 22, 2019, he only learned of the second (and final) denial on June 20, 2020, only 57 days before he filed the Charge of Discrimination. Further, the initial denial explains that "[t]he Board researched [Plaintiff's] work record and determined that" his seniority was correctly reduced "for failing to maintain continuous service during contract year 2016." (ECF No. 4-4.) There is no mention of any review of medical records or of any awareness on the Board's part of Plaintiff's alleged disability. (*See id.*) Further, Plaintiff alleges that, after the first denial, he "provided additional medical information" but that STA again denied

3

the request. (ECF No. 1 at 6.) In short, it is not clear from the record before the Court whether STA's allegedly discriminatory act—for purposes of calculating when Plaintiff was required to filed a Charge of Discrimination—occurred on March 22, 2019, June 20, 2020, or some other date.

Plaintiff was under no obligation to plead exhaustion, and STA has not carried its burden of showing that that the affirmative defense of failure to exhaust administrative remedy applies in this case. *See Hine v. Prince George's Cnty.*, Civ. No. TDC-20-2929, 2024 WL 918370, at *8 (D. Md. Mar. 4, 2024) ("[T]he failure to exhaust administrative remedies is an affirmative defense that need not be pleaded in the complaint and is subject to waiver" (citing *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849–51 (2019))). Viewing the facts in the light most favorable to Plaintiff, the allegedly discriminatory act may have been the second denial, in which case Plaintiff's filing of the Charge of Discrimination was timely.

### IV. Conclusion

Accordingly, for the foregoing reasons, it is ORDERED that:

1. STA's Motion to Dismiss (ECF No. 10) is DENIED; and
2. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Plaintiff.

DATED this 26 day of July, 2024.

BY THE COURT:

_____
James K. Bredar
United States District Judge