IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES MCKENZIE, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-24-025 |
| STEAMSHIP TRADE ASSOCIATION OF BALTIMORE, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Before the Court is Defendant Steamship Trade Association's ("STA") Motion to Strike. (ECF No. 18.) STA has moved to strike a Correspondence from Plaintiff Charles McKenzie (ECF No. 17) because it allegedly contains irrelevant, false, and scandalous information, namely that former STA president, David Hartman, was terminated from his position for having embezzled funds. (ECF No. 18-1 at 2–3.) McKenzie has sued STA for disability discrimination regarding a loss of seniority and STA and Hartman's failure to restore Mr. McKenzie's seniority. (ECF No. 1 at 6.) The Motion to Strike is pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (ECF No. 18-1 at 3.) McKenzie has not opposed the Motion.

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But, this rule, by its terms, applies only to pleadings, not to other documents, and the weight of the authority affirms that this rule may not be used to strike documents other than pleadings. *See G. W. Aru, LLC v. W. R. Grace & Co.-Conn.*, Civ. No. JKB-22-2636, 2023 WL 5434666, at *1 (D. Md. 2023) (collecting cases). However, "the United States Court of Appeals for the Fourth Circuit has

1

recognized that district courts have inherent power to strike other types of documents for just cause." *Id.* (quotation omitted). Accordingly, the Court will consider whether it finds it appropriate, in its discretion, to use its inherent power to strike ECF No. 17.

The Court will, in its discretion, grant the Motion to Strike, but do so without prejudice to reconsideration. First, STA's Motion is unopposed, indicating that McKenzie does not take a position on whether this correspondence remains on the docket. McKenzie's ambivalence weighs in favor of striking the correspondence. Second, the correspondence is just that, mere correspondence. It is not evidence nor motion nor pleading. As it is, it currently serves no purpose in this litigation and striking it from the docket will cause no prejudice to McKenzie; this lack of impact favors striking the correspondence given its scandalous nature. Third, the allegations in the correspondence are, seemingly, unrelated to McKenzie's claims. Given the lack of import of the correspondence and its negative light in which it portrays a non-party, the Court sees no reason not to strike it and McKenzie has presented none.

However, "inherent powers must be exercised with restraint and discretion" and therefore the Court will strike ECF No. 17 without prejudice to reconsideration. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Further, should McKenzie choose to use the information in ECF No. 17 in support of some future motion or as evidence in support of his claim he is certainly free to do so. Nothing in this order should be read to limit the proof or arguments available to McKenzie in any way. However, McKenzie is reminded that discovery need not be filed with the Court.

Accordingly, it is ORDERED that:

1. Defendant's Motion to Strike (ECF No. 18) is GRANTED without prejudice to reconsideration.

2. The Clerk is DIRECED to mail a copy of this Order to Mr. McKenzie.

2

DATED this  5  day of September, 2024.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge
