### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CHARLES W. MCKENZIE, JR.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **CIVIL NO. JKB-24-0025** |
| **STEAMSHIP TRADE ASSOCIATION, INC.,** | * | |
| **Defendant.** | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM AND ORDER

Plaintiff Charles W. McKenzie, Jr. filed suit against Defendant the Steamship Trade Association, Inc. ("STA"). The Court previously granted STA's Motion for Summary Judgment and closed the case. (ECF Nos. 40, 41.) Now pending before the Court is McKenzie's Motion for Reconsideration. (ECF No. 42.) For the reasons that follow, the Motion will be denied and the case will be closed.

McKenzie argues that the Court should reconsider its ruling pursuant to Federal Rule of Civil Procedure 59(e) or 60(b). Federal Rules of Civil Procedure 59(e) and 60(b) allow a litigant to seek a district court's reconsideration of a final order. *See, e.g., Amer. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514 (4th Cir. 2003). But the standards for reconsideration are "strict." *See id.* Under Rule 59(e), a court may amend an earlier judgment only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir. 1993) (citations omitted). And under Rule 60(b), a court may grant relief from an earlier judgment only for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief." *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 449 (D. Md. 2015).

McKenzie argues that the Court overlooked evidence regarding STA's role in the seniority process. (*See* ECF No. 42 at 2–3 (sections A, C, and D of McKenzie's Motion).) In support of this argument, he essentially restates arguments presented in the summary judgment briefing and provides certain evidence previously available to him that he argues support his theory. However, it is well established that "a motion to reconsider is not a license to reargue the merits or present new evidence that was previously available to the movant." *Lewis v. Prince George's Cnty. Bd. of Educ.*, Civ. No. JKB-21-2720, 2023 WL 4551866, at *4 (D. Md. July 13, 2023) (citation and internal quotation marks omitted).

McKenzie also argues that comparator evidence demonstrates that he was subject to disparate treatment. (ECF No. 42 at 2–3 (section B of McKenzie's Motion).) However, the Court does not even reach this question, given that—as the Court previously concluded—McKenzie sued the wrong party, and STA did not have decision-making authority regarding seniority decisions.

Finally, McKenzie argues that his counsel has not kept him apprised of this case. However, nothing in his Motion provides any basis for the Court to reconsider its prior ruling.

Accordingly, it is ORDERED that McKenzie's Motion (ECF No. 42) is DENIED.

DATED this 9 day of ~~September,~~ Oct., 2025.

BY THE COURT:

James K. Bredar
United States District Judge